**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose CARBAJAL–CRUZ, aka Jose Luis Cruz, Defendant–Appellant.**

No. 00–50499.

D.C. No. CR 98–00717–DDP–1.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2001.

Decided June 19, 2001.

Before ALARCON, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Appellant Jose Luis Carbajal–Cruz was charged with one count of being found in the United States after having been deported, in violation of 8 U.S.C. § 1326. He had been deported twice, in 1995 and in 1996. Carbajal–Cruz moved to dismiss the indictment on the ground that neither of his deportations was valid. The motion was denied; he then pled guilty and was sentenced to thirty-seven months in prison. Carbajal–Cruz's guilty plea was conditional, reserving his right to appeal the denial of his motion to dismiss. He contends on appeal that the district court

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

should have permitted him to challenge the validity of his deportations.

In order to be convicted under 8 U.S.C. § 1326, an alien must have been validly deported in the past. Appellant seeks to attack collaterally his two prior deportations as having violated his due process rights. Under 8 U.S.C. § 1326(d), an attack on a prior deportation is possible only if "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."

The district court found that Carbajal–Cruz failed to move to reopen either of his deportation proceedings, and that he failed to appeal either deportation. Carbajal–Cruz therefore cannot satisfy the first requirement of § 1326(d)—that he have exhausted his administrative remedies—for either of his two prior deportations. Carbajal–Cruz is therefore barred by § 1326(d) from attacking those deportations.

AFFIRMED.